994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Kerry Dean KELLY, Appellant.
 No. 92-2781.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 2, 1993.
Filed: April 29, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kerry Dean Kelly was convicted by a jury of conspiring to distribute cocaine, in violation of 21 U.S.C. § 846, of two counts of distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), and of using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). He appeals, challenging his conviction on the firearm charge. We affirm.
 
 
 2
 Appointed counsel filed a brief under Anders v. California, 386 U.S. 738 (1967). The Anders brief raises an argument that the district court[1] erred in allowing Kelly to be found guilty where the gun in question was lost and Kelly was unable to show that it was not operable. It was enough, however, for the government to produce witnesses who saw the weapon in proximity to the drugs and who testified that the weapon was accessible to Kelly. See United States v. Townley, 929 F.2d 365, 368 (8th Cir. 1991). The government did not need to prove that the weapon was operable, see United States v. York, 830 F.2d 885, 891 (8th Cir. 1987) (per curiam), cert. denied, 484 U.S. 1074 (1988), nor is the government's failure to produce the weapon a ground for reversal, see United States v. Cox, 942 F.2d 1282, 1284, 1286 (8th Cir. 1991), cert. denied, 112 S. Ct. 1298 (1992).
 
 
 3
 An undercover agent testified at trial that Kelly kept the weapon next to him while he sold cocaine to the agent. The agent also testified that Kelly had stated that he carried the weapon or kept it nearby at all times. When reviewing this evidence in the light most favorable to the government, we think it is sufficient to uphold Kelly's conviction. See United States v. Matra, 841 F.2d 837, 840 (8th Cir. 1988) (standard of review).
 
 
 4
 The Anders brief also contains an argument that the district court should have excluded the testimony of a cooperating witness who testified that he had seen Kelly with a firearm at another time, because the witness's testimony was uncorroborated, he could not pinpoint the date and time of the incident, and he had admitted that he ingested cocaine during the relevant time frame. "The decision whether to admit evidence is within the broad discretion of the district court and will not be overturned absent a clear abuse of discretion." Anderson v. United States, 788 F.2d 517, 520 (8th Cir. 1986). We agree with the district court that the undercover agent's testimony sufficiently corroborated this witness's testimony. The witness's uncertainty as to the timing of the incident, and his ingestion of cocaine during the relevant time were matters bearing on his credibility. See United States v. Kragness, 830 F.2d 842, 864 (8th Cir. 1987) (question about credibility of witnesses and weight given their testimony are for jury and not reviewing court). Our review of this witness's testimony and the rest of the record persuades us that his testimony "was not so incredible or insubstantial that no reasonable juror would have credited it." See id. The district court did not abuse its discretion here.
 
 
 5
 In any event, given the overwhelming evidence against Kelly on the firearm charge, any evidentiary error in admitting this witness's cumulative statements was harmless error. See Fed. R. Crim. P. 52(a).
 
 
 6
 Having reviewed the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80-82 (1988).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE CHARLES R. WOLLE, Chief Judge, United States District Court for the Southern District of Iowa